PER CURIAM.
This is an appeal by the plaintiff employee from a final judgment for the defendant employer in a suit for monies allegedly due under an oral employment agreement. In the judgment, the trial court found that “no monies of any nature were due Potter from Contrax at the time of the filing of the suit,” at which time Potter “had drawn $41,064 more than he had actually earned,” and that “it is still dubious, much less unproven (sic), that even today Potter has vested sufficient commissions to equal the monies that have been advanced by Con-trax against future commissions.”
Although the parties presented conflicting versions of the agreement, the trial court’s findings regarding the amount of compensation actually paid Potter in draws against prospective commissions, the methodology for calculating the commissions, the point at which the commissions vested, and whether Potter was entitled to overage commissions on specific projects, were supported by competent, substantial evidence in the record.
Notwithstanding that the trial court apparently based its decision on the theory of abatement, citing cases factually distinguishable from the case at issue, we find that the defense of payment was properly pled and proved, and that the requisite findings were made in the final judgment to support that defense. We note that the final judgment provides that it “shall not preclude RICHARD J. POTTER from bringing a future action against J R OFFICE FURNITURE AND EQUIPMENT CO., INC., should his vested commissions exceed the draws advanced against those commissions.”
AFFIRMED.
ZEHMER, BARFIELD and ALLEN, JJ., concur.